WRIGHT MANUFACTURING CORPORATION AND WRIGHT TOOL &
MANUFACTURING, INC. *v.* KEITH F. SCOTT, D/B/A K. F. SCOTT &
ASSOCIATES

[No. 1-1275A221. Filed May 9, 1978.]

*Robert G. Elrod, French M. Elrod, Elrod & Elrod*, of Indianapolis, for appellants.

*Alan H. Lobley, Charles E. Greer, Ice, Miller, Donadio & Ryan*, of Indianapolis, for appellee.

## *STATEMENT OF THE CASE*

LOWDERMILK, J. — Defendants-appellants, Wright Manufacturing Corporation and Wright Tool & Manufacturing, Inc. (Wright) appeal from the overruling of the motion to correct errors filed after the trial court entered judgment in the amount of $49,780.12, plus interest, in favor of plaintiff-appellee Keith F. Scott, d/b/a K. F. Scott & Associates (Scott) as damages for breach of an oral agreement to pay commissions.

## *FACTS*

On February 14, 1977, this court filed its opinion in an appeal brought by Wright from the judgment of the trial court awarding Scott $93,573.34. In that opinion we held that (a) the evidence did not support the trial court's finding that Scott was responsible for obtaining Wright's 1971-72 model year accounts (360 N.E.2d 9), and (b) the evidence did support the trial court's finding that Scott was responsible for obtaining Wright's 1970-71 model year accounts (360 N.E.2d 11).

The evidence included Scott's exhibits numbered 9, 10, 11, 12, and 13, which were purchase orders received by Wright and invoices issued by Wright during the years 1970 and 1971.

This court remanded the case to the trial court with the following instructions:

"... we remand this case to the trial court to amend its Finding of Fact No. 10 and Decree to reflect the correct values of the orders Scott was found to have obtained for Wright for the 1970-1971 model year as reflected by Scott's Exhibits No's 9, 10, 11, 12 and 13, plus 8% legal interest thereon through the date of judgment. ..."

Thereafter, Wright filed a petition for rehearing which this court denied, and Wright filed a petition for transfer which the Supreme Court denied.

On July 15, 1977, the trial court entered its amended findings of fact and conclusions of law, which resulted in judgment for Scott in the amount of $43,578.99, with interest at 8% per annum from December 31, 1971, plus $6,201.13, with interest at 8% per annum from April 2, 1971.

*Issues*

Wright raises three issues for review:

1.   Did the trial court violate the instructions of this court by entering a new judgment without examining the evidence?

2.   Is the judgment contrary to law?

3.   Is the judgment unsupported by the evidence?

## DISCUSSION AND DECISION

*Issues One and Two*

On September 14, 1977, Wright filed with its motion to correct errors an affidavit signed by the Clerk of the Supreme Court and Court of Appeals. In that affidavit the Clerk averred

"3.   That from and after the 14th day of February, 1977, the same being the day the decision in the above referenced appeal was rendered, the record of proceedings, including all exhibits,

evidence and transcripts, was never released from the custody of your affiant and was never given over to the custody of the trial court above or counsel for the parties or any other person or persons until the 13th day of September, 1977, . . ."

The trial court was instructed to enter its amended findings of fact and decree to reflect the correct values as shown by Scott's exhibits numbered 9, 10, 11, 12, and 13. The affidavit of the Clerk of this court forces us to conclude that the trial court did not examine the exhibits before entering its amended findings of fact and decree. Regretably, we find it necessary to remand this case once again to the trial court.

*Issue Three*

Wright argues that the judgment is not supported by the evidence. Because the trial court did not consider the evidence, we remand the case. We perceive in Wright's brief, however, a misunderstanding concerning Wright's liability.

Wright seeks to relitigate a question concerning which specific orders Scott obtained for Wright. In its initial findings the trial court determined that

"9.   Plaintiff was the procuring cause for *all* of the business the defendants obtained from the following customers for 1970-1971 model year:

> Midwest Manufacturing Corporation
> Admiral Corporation, National Service Division
> Fedders Corporation, Edison, New Jersey
> Fedders Corporation, Greenville, Michigan
> Franklin Manufacturing Co.
> Frigidaire Division of General Motors Corp.
> Canadian Admiral
> Gibson Products Corporation
> Kelvinator, Inc.
> Tappan Company

(Our emphasis)

This finding has not been successfully challenged at any time. Wright may not relitigate this question now.

On remand the trial court has only one issue to resolve:  of those sales reflected in Scott's exhibits numbered 9, 10, 11, 12, and 13, which sales

are for the 1970-71 model year? Alternatively, the trial court could determine the total amount of sales reflected by the exhibits and the total amount of the 1971-72 sales reflected by the exhibits. By subtracting the second figure from the first, the trial court could arrive at the same figure that the first method of computation would produce. If necessary, the trial court should hold a hearing in order to resolve this issue and to ascertain the correct amount of the judgment.

### INSTRUCTIONS TO THE TRIAL COURT

We remand this case to the trial court to amend its Finding of Fact No. 10 and decree to reflect the correct values of the orders Scott obtained for Wright for the 1970-71 model year as shown by Scott's exhibits numbered 9, 10, 11, 12, and 13, plus 8% legal interest thereon through the date of judgment. Amounts representing orders for the 1971-72 model year shall be excluded. As modified in compliance with these instructions, the judgment of the trial court is affirmed.

Lybrook, P.J. and Robertson, J. concur.

NOTE — Reported at 375 N.E.2d at 278.